# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCO BRANDS USA LLC, a Delaware corporation,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>JENS E. SORENSEN, as Trustee of the SORENSEN RESEARCH & DEVELOPMENT TRUST,<br>　　　　　　　　　　Defendant. | Case No. 08cv1670-BTM (CAB)<br><br>**ORDER RE MOTION TO STRIKE AND PARTIAL JUDGMENT ON THE PLEADINGS** |

Counterclaimant Sorensen moves to strike Counterdefendant Acco's Third Affirmative Defense for laches and equitable estoppel and seeks partial judgment on the pleadings on the Third Affirmative Defense. For the reasons that follow, Sorensen's motion to strike is **GRANTED**, Acco is granted leave to amend, and Sorensen's motion for partial judgment on the pleadings is **DENIED**.

Acco's answer to Sorensen's Counterclaim for patent infringement contains the following affirmative defense:

**Third Affirmative Defense**
**(Laches/Equitable Estoppel)**

Upon information and belief, Sorensen's claims for relief are barred by laches and/or equitable estoppel.

[Dock. #21.]

Affirmative defenses are governed by the same pleading standard as complaints.

*Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004).  Under Fed. R. Civ. P. 8, an affirmative defense must be pled with the minimal specificity to give the plaintiff "fair notice" of the defense.  *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979).  "Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike."  *Solis v. Zenith Capital, LLC*, No. C 08-4854 PJH, 2009 WL 1324051, at *2 (N.D.Cal. Oct. 26,2009).  Acco's "Upon information and belief" statement does not provide the requisite supporting facts for this defense, and thus, Sorensen's motion to strike is **GRANTED**, and the Court strikes the Third Affirmative Defense without prejudice.

Sorensen argues that leave would be futile "because Acco openly concedes it cannot amend" and "because laches and equitable estoppel are fundamentally inconsistent with Acco's request for declaratory judgment of non-infringement." (Mot. at 7-8)  Neither argument is persuasive.

Acco explains that its offer to stipulate to dismissal of the Third Affirmative Defense – presumably the basis for Sorensen's belief that Acco "concedes it cannot amend" – was not made because it lacked facts to support its defenses, but rather because it sought "to avoid troubling this Court with another needless motion in a case that is largely stayed." (Black Decl. ¶ 5)  Moreover, contrary to Sorensen's assertion that Acco "cannot allege facts to support this defense," in its response, Acco cites facts to support its laches and equitable estoppel defenses.  (Opp. at 5, 6)

Sorensen supports its latter argument with only a two sentence paragraph that states:

> Unlike the other '184 patent cases currently before this Court, it is Acco that affirmatively brought the issue of whether or not they infringed the '184 patent to be decided by this Court via a declaratory relief action.  They cannot obtain the very relief they requested via a claim that the defendant patent holder should be equitably precluded from asserting the contrary position.

(Mot. at 8)  Absent any authority for Sorensen's position, the Court declines to find that leave to amend would be futile merely because Acco originally brought a declaratory

judgment action.

Because the Court strikes Acco's Third Affirmative Defense and grants Acco leave to amend its answer, Sorensen's motion for partial motion for partial judgment on the pleadings is **DENIED**.

**IT IS SO ORDERED.**

DATED:  February 24, 2011

_____
Honorable Barry Ted Moskowitz
United States District Judge